UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

V.                                                            Criminal No. 06-102 (JDB)

ANDERSON STRAKER

**MOTION AND POINTS AND AUTHORITIES FOR ORDER TO TRANSFER DEFENDANT FROM ADMINISTRATIVE SEGREGATION INTO GENERAL POPULATION AT THE D.C. JAIL PENDING TRIAL**

Defendant, by and through undersigned counsel, Steven R. Kiersh, respectfully sets forth to this Honorable Court as follows:

1. Defendant is charged in a multiple count, multiple party indictment. He is named in all three counts of the indictment alleging violations of 18 U.S.C. §1203 (a) (Conspiracy to Commit Hostage Resulting in Death); 18 U.S.C. §1203 (a) (Hostage Taking Resulting in Death); and 18 U.S.C. § 2 (Aiding & Abetting and Causing an Act to be Done).

2. All of the acts alleged in the indictment occurred in Trinidad. The conspiracy is alleged to have lasted from February 1, 2005 to on or about April 15, 2005. In order to properly investigate this matter and to prepare for trial, there is a vast investigation that must be undertaken in order to explore the charges alleged in this indictment and to prepare affirmative defenses to the charges. The difficulties in preparing a defense to this

1

very complex set of charges is greatly compounded by the fact that the crimes alleged occurred outside the territorial borders of the United States.

3. Counsel for defendant needs the active assistance of defendant in order to move forward with his investigation. Defendant has knowledge about Trinidad that counsel does not have and defendant has information relevant to the preparation of his defense that he needs to impart to counsel on a regular basis in order to prepare for trial.

4. Since his initial appearance before this Court, defendant has been held without bond and detained at the District of Columbia Jail. Throughout his detention, defendant has been placed in administrative segregation. This placement severely restricts defendant's activities. When defendant meets with counsel his wrists are handcuffed together, he is on lock down 23 hours per day, he has had no access to the law library and has very limited access to the telephone.

5. Defendant desires to be completely engaged in the preparation of his defense. He has had no prior experience or education regarding the United States system of jurisprudence. Counsel has been providing defendant with copies of all available legal pleadings to defendant. However, Mr. Straker has had no ability to study those pleadings and the attendant legal issues in the D.C. Jail law library. Defendant simply can not make tactical decisions that will affect the rest of his life unless he has some understanding of the very complex legal issues that profoundly affect the course of this litigation.[1]

6. The restricted access to the telephone is interfering with defendant's ability to prepare his defense. Defendant frequently has information that will assist counsel in the investigation of this matter and that needs to be shared with counsel in an ongoing

---

[1] Defendant desires to understand both the procedural and substantive issues involved in this proceeding and therefore needs to have access to the D.C. Jail law library.

manner. Because defendant is on administrative lock down and does not have regular access to the telephone, he simply can not communicate with counsel on a frequent enough basis. Defendant has to wait for legal visits from his counsel at the Jail to share information relevant to his defense. While counsel does attempt to meet with defendant on a regular basis, these meetings by necessity occur on an irregular basis and should not be the only means by which defendant can communicate with his counsel.

7. There does not seem to be any reason for the continued segregation of defendant from others in general population, In addition to being a personal hardship, the segregation is interfering with defendant's ability to prepare his defense to the very serious and complex charges for which he has been indicted.

8. "We agree that prison authorities have wide discretion to decide on appropriate methods of handling their wards. However, such discretion is not unlimited, and where paramount federal constitutional or statutory rights come into play the prison regulations must conform to them". *Matthews v. Hardy*, 420 F.2d 607 (D.C. Cir. 1969), cert. den. 397 U.S. 1010 (1970), citing *Johnson v. Avery*, 393 U.S. 483, 486 (1969).

9. Defendant's rights guaranteed by the United States Constitution to due process of law impacted when he can not access materials that assist him in understanding the charges against him and when his access to his counsel is restricted.

10. Upon information and belief, there is no legitimate reason for defendant to be held in administrative segregation. Accordingly, defendant should be placed in general population pending trial with routine access to the law library and to the telephone.

WHEREFORE, the foregoing considered, defendant prays this Honorable Court for an Order directing the District of Columbia Jail to transfer him from administrative segregation to general population pending trial.

Respectfully submitted,

_____
Steven R. Kiersh #323329
717 D Street, N.W., Suite 400
Washington, D.C..20004
(202) 347-0200

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA**

      **v.**            **Criminal No. 06-102 (JDB)**

**ANDERSON STRAKER**

## ORDER

Upon consideration of the Motion of defendant for an Order to transfer him from Administrative Segregation to General Population, it appearing to the Court that there is no reason for defendant to remain in administrative segregation, it is by this Court on this the _____ day of _____, _____;

OREDERED, the Motion is granted; and

IT IS FURTHER ORDERED, that Anderson Straker, D.C.D.C. Number 315-634, is to be removed from administrative segregation and placed into general population at the District of Columbia Jail pending trial of this matter.

                _____
                Honorable John D. Bates
                United States District Judge

Copies to:

Warden, District of Columbia Jail
1091 D Street, S.E.
Washington, D.C. 20003

Steven R. Kiersh, Esquire
717 D Street, N.W., Suite 400
Washington, D.C. 20001

Bruce Hegyi, Esquire
Assistant U.S. Attorney
555 4th Street, N.W.
Washington, D.C. 20530