UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.                         Criminal No.: 06-102 (JDB)

ANDERSON STRAKER

### DEFENDANT STRAKER'S FIRST MOTION TO COMPEL DISCOVERY

Defendant, by and through undersigned counsel, does hereby move this Honorable Court

for an Order requiring the United States to produce evidence that defendant believes to be

potentially exculpatory. The requests were previously made to the United States and were

rejected by the United States. In support of this Motion, defendant sets forth as follows:

### BACKGROUND

Defendant has been charged in a multiple count, multiple party indictment alleging

Conspiracy to Commit Hostage Taking Resulting in Death in violation of  18 U.S.C. 1203 (a).

The crimes arise from the kidnapping of Balram Maharaj in the Republic of Trinidad/Trinidad.

Arrests in the case did not occur until nine months after the abduction when the remains of Mr.

Maharaj were found in barrels in the hillside of Trinidad. The barrels were recovered by both

Trinidadian and United States officials who were jointly taken to the barrels by codefendant Zion

Clarke.

A series of rewards were posted for information leading to the arrests of individuals

involved in the kidnapping of Mr. Maharaj.  Crimestoppers, an international organization,

offered a local award in Trinidad that produced an amount of information not known by

1

defendant. The United States issued a second award, apparently in April of 2005, offering $10,000.00 for the kidnap victim's release. It is known that at least one person, David Suchit, responded to one of the reward offers from testimony introduced during the course of the proceedings against him in this Court.

On November 27, 2007, defendant sent the United States a broad discovery letter seeking numerous items of discovery. One of the areas of request was an accounting of all offers of reward related to the charges set forth in the Indictment. The requests asked that defendant be provided, pursuant to *Brady v. Maryland*, with the name and address of each person or entity who responded to any offer of reward related to the charges in the indictment and to provide the substance of the information that was received by any law enforcement official or entity in any nation from any such person or entity. The request included all responses to the offer of reward regardless of whether any investigating entity or official believed there to be merit to the response to the offer of reward.

In a letter dated December 6, 2007, the United States responded to the reward requests by saying that, pursuant to Rule 16, the request exceeds the realm of permissible discovery. In addition, the government suggested that defendant refer to the testimony of the trial of David Suchit (e.g, U.S. Embassy reward announcement; Trinidad & Tobago Crimestoppers).

Defendant submits that Rule 16 does not limit this request and that the other response of the United States does not address the requests made by defendant. Defendant suggests that responses to offers of reward are potentially exculpatory as they imply that a person or persons other than Anderson Straker may have been responsible for acts attributed to him and should therefore be disclosed prior to trial so that an appropriate investigation can be conducted. Further, if information was received pursuant to an offer of a reward that contradicts the

testimony of the government's cooperating witnesses, that could information could be used to impeach the credibility of the cooperators and should also be disclosed for that reason.

## ARGUMENT

The refusal to divulge information that could assist defendant in his investigation and in preparing his defense violates his due process rights for purposes of trial. *Brady v. Maryland*, 373 U.S. 83 (1963). In *United States v. Bagley*, the Court addressed the type of evidence to be disclosed in the context of a Brady demand. "Favorable evidence is material, and constitutional error results from its suppression by the government, if there is reasonable probability that, had the evidence been disclosed to the defense, the result would have been different. Thus, a showing of materiality does not require demonstration by a preponderance that disclosure of the suppressed evidence would have resulted ultimately in the defendant's acquittal." 473 U.S. 667, 682 (1990).

Herein, investigating officials may have received evidence suggesting that someone other than Anderson Straker committed the acts that he is alleged to be responsible for and the investigating officials may have actually evaluated the information. Further, the reward offers may have generated information that could be used to impeach the credibility of the cooperating witnesses. Clearly, if such evidence exists, it falls within the rulings of both *Brady* and *Bagley* and should be disclosed.[1]

In *Kyles v. Whitney*, 514 U.S. 419 (1995), the Court addressed whether in particular circumstances the disclosure of suppressed evidence would have made a different result reasonably probable. Therein, statements made to the police by an informant who led them to identifying the defendant as a murder suspect were not provided to the defense. The informant

---

[1] Defendant has no means of learning whether such information exists absent disclosure by the United States

3

was not called to testify at trial. The informant's information turned out to be inconsistent with other witness accounts and objection was made to the non-disclosure.

The *Kyles* Court determined that suppression of the informant's inconsistent statements was constitutional error. The heart of the government's case was the testimony of eyewitnesses to the crime charged. The informant's contradictory description of the perpetrator would have reduced the value of the eyewitnesses' testimony. Thus, "[c]onfidence that the verdict would have been unaffected cannot survive when suppressed evidence would have entitled a jury to find that the eyewitnesses were not consistent." Id. 454

The Court identified other reasons why the suppressed statements constituted producible potentially exculpatory evidence. "(T) wo of the four eyewitnesses testifying were unreliable…the most damning evidence was subject to suspicion… the investigation that produced it was insufficiently probing, and… the principal police witness was insufficiently informed or candid." Id.

The information that is the subject of this Motion to Compel Discovery clearly falls within the standard of *Kyles*. Defendant is seeking information that can impeach the credibility of cooperating witnesses and seeks information that might suggest that someone other Mr. Straker committed the acts alleged in the indictment. The cooperating witnesses are the backbone of the case against defendant and their credibility is already suspect given their agreements of cooperation. Any evidence that can contradict the anticipated testimony of the cooperating witnesses goes to the heart of the defense being offered by defendant.

This Circuit has taken a dim view of the government reading its *Brady* obligation too narrowly, and recognizes an affirmative duty to resolve doubtful questions in favor of disclosure.

*United States v. Hsai*, 24 F. Supp. 2d 14 (D.D.C. 1998)[2], citing *United States v. Paxson*, 861 F.2d 730,737 (D.C. Cir. 1988). In *Hsia*, Judge Friedman reminded the government of its duty to disclose Brady evidence well in advance of trial, in sufficient time for the defendant to make effective use of the evidence in the preparation and presentation of a defense, citing United *States v. Pollock*, 534 F. 2d 964, 975 (D.C. Cir. 1976).

Whether or not information received pursuant to an offer of reward is deemed to be lacking in value by an investigative entity or official is of no consequence in the context of a *Brady* demand. There is no requirement that potentially exculpatory evidence ultimately be admissible at trial. The prosecution is required to disclosed any information favorable to a requesting defendant regardless of whether it can be introduced as independent evidence of innocence. See *Monroe v. Angelone*, 323 F. 2d 286, 290 (4th Cir. 1988). It is no justification for disclosure that the prosecutor did not believe that the requested information had independent exculpatory value. Id. at 300. Nor can the prosecution avoid its *Brady* obligation even if it has questions about the accuracy of the exculpatory information. *United States v. Paxson*, 861 F.2d 730, 736 (D.C. Cir. 1988).

## <u>CONCLUSION</u>

Defendant seeks information pertaining to responses to rewards in order to effectively investigate the charges against him. This is not a "fishing investigation". It is a fact that there were at least two rewards for information about the crimes alleged disseminated to the public. It is also a fact that there was some response to the offer of rewards. Whatever other information may have been received, it could potentially impeach the government's cooperating witnesses, suggest that a person or persons not named in the indictment is responsible for the crimes alleged, and/or lead to relevant evidence admissible at trial on behalf of defendant.

---

[2] Rev'd on other grounds, 176 F.3d 517 (D.C. Cir. 1999)

Rule 401 of the Federal Rules of Evidence defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable that it would be without the evidence." "The Rule's basic standard of relevance thus is a liberal one." *Daubert v. Merrill Dow Pharmaceuticals, Inc., 509 U.S. 579, 587 (1993).* For the reasons addressed earlier in this pleading, information tending to show that someone other than defendant committed the crimes alleged is potentially exculpatory and therefore relevant. In *Winfield v. United States,* the District Of Columbia Court of Appeals set forth a standard for admissibility of evidence that a third party committed a crime:

> [t]he evidence must establish proof of facts or circumstances which tend to indicate some ***reasonable possibility*** that a person other than the defendant committed the charged offense. The "focus" of the standard is not the third-party's guilt or innocence, but on the effect the evidence has upon the defendant's culpability and in this regard it need only tend to create a reasonable doubt that the defendant committed the offense.

676 A.2d 1,4 (D.C. 1996), emphasis supplied.[3]

Defendant seeks immediate disclosure of the requested information in order to conduct a necessary review and investigation of the materials. The two offers of reward, and the response to at least one of the offers, unquestionably suggests that there may have been other responses and those other responses may include information indicating some reasonable possibility that someone other than Anderson Straker committed the acts that he is charged with committing. Further, if someone provided information that is inconsistent with the government's theory of the case, that could impeach the cooperating witnesses who, in the lack of forensic evidence

---

[3] In *Wilson v. United States*, 160 F.3d 732, 743, (D.C. Cir. 1998), this Circuit cited the *Winfield* standard with approval. With respect to the facts therein, the Court concluded that the facts did not meet the "reasonable possibility" test. However, the "reasonable possibility" test was applied. Defendant Straker can not provide enough information to this Court to assess whether he can meet the "reasonable possibility" test until such time as he learns what information was received and has had occasion to conduct an investigation of the evidence.

connecting defendant to the crimes alleged, are the main components of the government's case against defendant.[4]

WHEREFORE, the foregoing considered, defendant prays this Honorable Court for an Order requiring the United States to disclose all information within its knowledge or its possession concerning any responses received to the offers of reward for information about the kidnapping of Balram Maharaj.

Respectfully submitted,

_____/s/_____
Steven R. Kiersh #323329
5335 Wisconsin Avenue, N.W., Suite 440
Washington, D.C. 20015
(202) 347-0200

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the foregoing was served via PACER on all counsel of record on this the 9th day of June, 2008.

_____/s/_____
Steven R. Kiersh

---

[4] The only other evidence linking defendant to the crimes charged is his purported admission to the F.B.I. en route to the United States. That admissibility of that unsigned purported statement is being challenged. Defendant also notes that he denied involvement in the crimes charged when questioned in Trinidad.

7