## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA**

v.                                    **Criminal No.: 06-102 (JDB)**

**ANDERSON STRAKER**

### MOTION TO RETURN DEFENDANT, ANDERSON STRAKER, TO THE REPUBLIC OF TRINIDAD/TOBAGO

Defendant, by and through undersigned counsel, Steven R. Kiersh, does hereby move the Court to Order that he be returned to the Republic of Trinidad/Tobago. In support thereof, defendant respectfully sets forth as follows:

### BACKGROUND

Defendant was arrested on January 6, 2006 in the Republic of Trinidad/Tobago and charged with the abduction and murder of Balram Maharaj. He was originally held at the La Horquetta Police Station and then transferred to a police station in Arima, the Five Rivers Police Station, and then the Royal Jail in Port of Spain. As set forth in greater detail in defendant's Motion to Suppress Statements and incorporated by reference herein, defendant was mistreated and held under oppressive conditions of confinement in the various holding facilities in which he was confined in Trinidad. Defendant was extradited to the United States on July 29, 2007 along with the other three codefendants who are currently scheduled to go to trial together before this Court.

Defendant has been indicted before this Court and charged with Conspiracy to Commit Hostage Taking Resulting in Death and Hostage Taking Resulting in Death in violation of 18 U.S.C. Code 1203 (a).

Prior to being extradited to the United States, defendant was subjected to harsh conditions of confinement in Trinidad/Tobago. He was held in overcrowded facilities and was assaulted by both an F.B.I. agent and a Trinidadian police officer. Defendant's Trinidadian attorney complained about his treatment and notified the Court that defendant has been assaulted requiring the bandaging of his head. At the time of his extradition, defendant felt isolated, feared for his well-being, and did not consider himself to be in a position where he had a genuine freedom of choice concerning consent to interrogation and extradition.

Defendant acknowledges signing a document that purports to be a waiver of a challenge to extradition. That waiver, as will be argued regarding his purported waiver of Miranda rights, was not a voluntary act and not a waiver that would have been executed absent the months of coercion that defendant had been subjected to.

Defendant submits that this purported waiver was not voluntary, was the product of coercion, and should not be given effect by this Court.

## ARGUMENT

The United States and the Republic of Trinidad/Tobago have entered into an Extradition Treaty. The treaty was signed March 4, 1996 and entered into effect on November 29, 1999.(Treaty Document 105-21, published at 1996 WL 910005). Article 15 of the Treaty is entitled Waiver of Extradition and states as follow: "If the person

consents to surrender to the Requesting State, the Requested State may surrender the person as expeditiously as possible, without further proceedings."

Defendant submits that the plain language of the Treaty requires there to be consent for extradition without further proceedings. Therefore, in the absence of consent, the terms of the Treaty were breached and defendant was wrongfully extradited without additional judicial process. "If we conclude that the Treaty (between the United States and a foreign sovereign) does not prohibit respondent's abduction, the rule in *Ker* applies, and the court need not inquire as to how respondent came before it." *United States v. Alvarez-Machain*, 504 U.S. 655, 662 (1992).[1]

The issue of defendant's consent to the waiver of extradition can be analyzed in the same context that defendant's purported consent to interrogation and waiver of Miranda rights will be analyzed at the hearing on defendant's Motion to Suppress Statements. Both waivers occurred on the same date and at the same time (July 29, 2007 at 8:31 a.m. in Port of Spain, Trinidad. This occurred one hour before the airplane carrying the F.B.I Agents and defendant left for the United States).

Defendant submits that there is nothing from prior decisions of this Circuit or from the Supreme Court of the United States that prohibit this Court from analyzing the issue of the voluntariness of the waiver to extradition within the standards of Fourth and

---

[1] Defendant is aware that the rule announced in *Ker v. Illinois*, 119 U.S. 436 (1886), was relied upon by this Court in denying David Suchit's Motion for Return to Country of Origin. For purposes of defendant's argument concerning a lack of consent to extradition as being violative of the Treaty, defendant submits that the Rule of *Ker* is not dispositive.  Regardless of whether or not the extradition was a forcible abduction, the issue in the context of this Treaty analysis is consent. *Ker* may approve of forcible abductions, but such an abduction may be from a country that either does not have an extradition treaty with the United States or has a treaty that does not have a similar provision requiring consent to extradition. *Ker* controls only if the Treaty between the United States and the Republic of Trinidad/Tobago has not been violated.

Fifth Amendment jurisprudence. It is from within those standards that defendant urges the Court to conclude that his waiver was not consensual or otherwise voluntary.

The voluntariness inquiry focuses on whether the accused exercised his own free will …or instead gave way to his interrogators. See *Reck v. Pate*, 367 U.S. 433, 440 (1961). A statement (or, as defendant suggests, a waiver of extradition) need not be obtained by violence or the fear of violence to be excluded on due process grounds. "The blood of the accused is not the only hallmark of an unconstitutional inquisition." *Blackburn v. Alabama*, 361 U.S. 199, 206 (1961). Coercion is coercion regardless of whether the accused's will is subverted by physical, psychological or other improper methods. *Miranda v. Arizona*, 384 U.S. 1 (1966).

## CONCLUSION

For the reasons stated herein, and for those that may be introduced into evidence at a hearing on this Motion, defendant prays this Honorable Court to determine that his consent to extradition was involuntary and that an Order be issued returning defendant to his country of origin, Trinidad/Tobago.

Respectfully submitted,



_____/s/_____
Steven R. Kiersh #323329
5335 Wisconsin Avenue, N.W., Suite 440
Washington, D.C. 20015
(202) 347-0200

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the foregoing was served upon Bruce Hegyi, Esquire and Jeanne M. Hauche, Esquire, Assistant U.S. Attorneys and all other counsel of record, via PACER, on this the 23rd day of June, 2008

_____/s/_____
Steven R. Kiersh