IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** § § § § | |
| - vs - § | CRIMINAL No.  06-102-02 (JDB) |
| § § | |
| **ANDERSON STRAKER,** *el al.* § § § | |
| Defendants. § § | |

### GOVERNMENT'S RESPONSE TO DEFENDANT ANDERSON STRAKER'S MOTION FOR ISSUANCE OF LETTERS ROGATORY

The United States of America ("United States" or "Government") responds to the Motion of defendant Anderson Straker's Motion For Issuance of Letters Rogatory ("Defendant's Motion"), as follows:

*Preliminary Statement*

Generally, the Government has no objection to, and is supportive of, defendants Straker's desire to obtain evidence from the Republic of Trinidad &Tobago that is relevant to the issues to be raised at trial to the extent such information and/or evidence are of the same nature and character to which a defendant would be entitled under Federal Rule of Criminal Procedure 16, had the crimes alleged occurred in the United States.  Where the issue is one of "timing," rather than of "right," – *e.g.*, the criminal history of a potential witness – the Government believes such information should be delivered in the first instance to the Court, rather than to defendant's counsel, so that it will be available in the United States for disclosure to defendant's counsel at the time such information would ordinarily become available in a purely domestic prosecution.

**RESPONSE**

The Government responds as follows to each corresponding paragraph of Paragraph 3 of Mr. Straker's Motion:[1]

(A)     Objection. Beyond the scope of Rule 16 discovery and it implicates potentially privileged/confidential information and materials in Trinidad & Tobago ("TT");

(B)     No objection;

(C)     No objection;

(D)     No objection;

(E)     Objection. Beyond the scope of Rule 16 discovery. However, if the word "physical" was inserted after the word "any" and before the word "evidence" then, the Government would withdraw its objection;

(F)     Objection. Beyond the scope of Rule 16 discovery and it implicates potentially privileged/confidential information and materials in TT;

(G)     Objection. Beyond the scope of Rule 16 discovery and it implicates potentially privileged/confidential information and materials in TT;

(H)     No objection;

(I)     Objection. Beyond the scope of Rule 16 discovery. However, if (1) the Request was limited to defendants Straker, Pierre, Nixon, and Sealey, and (2) the phrase "or other legal process" (appearing in the first line of the Request) was removed, then the Government would withdraw its objection;

(J)     Objection. Beyond the scope of Rule 16 discovery and it implicates potentially privileged/confidential information and materials in TT;

(K)     No objection;

(L)     Objection. Beyond the scope of Rule 16 discovery and it implicates potentially privileged/confidential information and materials in TT. However, if the Request was limited (1) to defendants Straker, Pierre, Nixon, and Sealey, (2) positive

---

[1] The Government's responses are essentially identical to those previously communicated in writing on June 19, 2008 to Mr. Straker's attorney.

    identifications and/or positive exclusions (rather than <u>all</u> identification procedures)[2], and (3) the identities and identifying information of/from the witnesses is redacted, then the Government would withdraw its objection. Alternatively, under (3), above, if the identities and identifying information was sent directly to Judge Bates for further disclosure if, as, and when, appropriate, the Government would similarly its objection;

(M) Objection. Beyond the scope of Rule 16 discovery and it implicates potentially privileged/confidential information and materials in TT. However, if the Request was limited to "public criminal court proceedings," then the Government would withdraw its objection;[3]

(N) Objection. Beyond the scope of Rule 16 discovery and it implicates potentially privileged/confidential information and materials in TT;

(O) Objection. Beyond the scope of Rule 16 discovery;

(P) Objection. Beyond the scope of Rule 16 discovery and it implicates potentially privileged/confidential information and materials in TT;

---

[2] As drafted, the Request would implicate all identification procedures, irrespective of whether the witness was able to positively identify, positively exclude, or was uncertain, as to the persons in the identification procedure. This is well-beyond that to which a criminal defendant would be entitled in the prosecution of a purely domestic crime. Moreover, as drafted, the Request would provide to defendant's attorneys the names, addresses, and other identifying information of any person who was asked to participate in an identification procedure. This is also well beyond that to which a defendant is entitled in the prosecution of a crime occurring entirely within the borders of the United States. Ordinarily, a defendant would not learn the identities of a person who made a positive identification until the time of trial; the identify of a person affirmatively excluding the defendant would be produced early in the process as *Brady* information; unless a particular witness was to testify at trial, a defendant might never learn of the identity of a person who viewed a photo-array and stated that the perpetrator looked "something like" the defendant, or the witness "could not be sure," because the witness only got a fleeting glimpse in the dark of the perpetrator, or other similar scenarios.

[3] As drafted, the Request specifically requests all grand jury proceedings, "inquest" materials, "or any other proceeding, whether civil or criminal" that relates to the kidnapping of Balram Maharaj. In a purely domestic prosecution, defendants would not be entitled generally to discovery all grand jury proceedings (and would not be entitled to obtain any – other than exculpatory *Brady* grand jury information – prior to trial), nor would they be entitled to matters (if any) related to custody proceedings with regard to Dinesh Maharaj. Moreover, the Government does not aware what the phrase "or any other proceeding" might potentially implicate in TT and therefore cannot agree to such a global Request.

(Q)     Objection. Beyond the scope of Rule 16 discovery and it implicates potentially privileged/confidential information and materials in TT;

(R)     No objection;[4]

(S)     Objection. Objection. Beyond the scope of Rule 16 discovery and it implicates potentially privileged/confidential information and materials in TT. However, if the word "public" was inserted in the first line, after the word "All" and before the word "court," the Government would withdraw its objection;

(T)     Objection. Beyond the scope of Rule 16 discovery and implicates potentially privileged/confidential information and materials in TT;

(U)     Objection. Beyond the scope of Rule 16 discovery and it implicates potentially privileged/confidential information and materials in TT;

(V)     Objection. Beyond the scope of Rule 16 discovery and it implicates potentially privileged/confidential information and materials in TT;

(W)     No objection;

(X)     Sub-paragraphs (a) through (q). Objection generally as to any information other than criminal convictions, as it is beyond the scope of Rule 16 discovery and it implicates potentially privileged/confidential information and materials in TT, such as "'Blue Files' or law enforcement records..." However, if the Request was modified to require that (1) certified copies of convictions (2) for the identified individuals (3) are to be delivered directly to Judge Bates (rather than to defendant's counsel) for future disclosure if, as, and when, such disclosure becomes appropriate.

---

[4] Mr. Straker has modified his prior proposed Paragraph (R), in accordance with the Government's suggestion, and has required the materials, if any, to be sent directly to Judge Bates, rather than to Mr. Straker's counsel. As a result, the Government has no objection to the revised Paragraph (R).

   Respectfully submitted,

JEFFREY A. TAYLOR (D.C. Bar No. 498610)
United States Attorney

By:     /S/
_____
BRUCE R. HEGYI (D.C. Bar No. 422741)
Assistant United States Attorney
Federal Major Crimes Section
555 Fourth Street, N.W., Room 4848
Washington, D.C.  20530
(202) 305-9637
(202) 353-9414 (fax)
www.bruce.hegyi@usdoj.gov

JEANNE M. HAUCH
Assistant United States Attorney
National Security Section
555 Fourth Street, N.W., 11th Floor
Washington, D.C.  20530
(202) 514-5776