SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

Stephan Prescott,
    Plaintiff

       v.                        Case No. 06-CA-0006411
                                   Honorable Brian F. Holeman

Empire Financial Services, Inc., et al.
    Defendants

**OPPOSITION TO MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendant, Empire Financial Services, Inc., by and through undersigned counsel, Steven R. Kiersh, in opposition to the Motion For Partial Summary Judgment, Count XIV of the Amended Complaint, does here set forth as follows::

**PRELIMINARY STATEMENT**

Plaintiff has filed a broad multiple party, multiple count Amended Complaint alleging fraudulent conduct pertaining to a real estate transaction involving property located at 5721 4th Street, N.W., Washington, D.C. The core of the Amended Complaint is that Nicholas McLeod fraudulently induced Stephan Prescott to obtain a loan for the property. Count XV of the Amended Complaint, **Liability Via Respondeat Superior as to Defendant Empire**, alleges the legal basis for the claims against Empire Financial Services, Inc. According to the Amended Complaint, "defendant McLeod and one Brian Nelson were agents and/or employees of Empire at all times relevant to the events detailed in this Amended Complaint" (Paragraph 138).

Nicholas McLeod was arrested, charged and convicted of criminal offenses arising from the transaction that is the subject of the Amended Complaint and other similar transactions in the State of Maryland. McLeod is currently serving a prison sentence for these offenses. Neither Empire, nor any of its current employees, was charged or otherwise implicated in the criminal offenses.

Empire Financial Services, Inc. has maintained throughout the pendency of these proceedings that Brian Nelson was never its employee and that any actions taken by Nicholas McLeod were done on his own and not within the scope of his employment at Empire. Defendant submits that issues of McLeod's scope of his employment and Nelson's employment are for a jury to decide. Accordingly, summary judgment as to Count XIV is inappropriate as the entire foundation for the Count is predicated on establishing an agency relationship between McLeod/Hunter and Empire Financial Services, Inc.

**STATEMENT OF MATERIAL FACTS IN DISPUTE**

1. Whether Brian Nelson was ever employed by Empire or authorized to act on its behalf
2. Whether Nicholas McLeod was acting within the scope of his employment with Empire during his interaction with plaintiff
3. Whether McLeod was engaged in the kinds of employment was employed to performed while interacting with plaintiff
4. Whether McLeod was performing services for his own benefit only during his interaction with plaintiff
5. Whether McLeod's actions with plaintiff were authorized by Empire
6. Whether McLeod or Nelson had authority to use Empire Documents in their interaction with plaintiff
7. Whether plaintiff's decision not to read the loan documents is the reason that the purported right of rescission was not acted upon
8. Whether it was the personal motives of McLeod that were the reasons for the allegations as set forth in the Amended Complaint

In support of the existence of material facts in dispute, defendant refers to the following answers to interrogatories propounded by defendant to plaintiff:

**Question 11.** State whether McLeod ever said to you that he was an employee or agent of Empire Financial Services, Inc. If your answer is in the affirmative, identify the date and the location of the representation. Include the identities of those who were present when the representation was made to you.

**Answer**: McLeod never directly stated to the Plaintiff that he was an employee or agent of Empire Financial Services, Inc.

**Question 18.** State whether you read and/or otherwise reviewed the documents that were presented to you by McLeod on September 12, 2005.

**Answer:** No

**Question 25**. State each fact that you intend to rely up[on in support of your allegation that the mortgage transactions were undertaken in your name by Empire and its agents/employees as set forth in Paragraph 140 of the Amended Complaint.

**Answer**: All of the loan documents have Empire's name on them and the name of Brian Nelson. *I have never had any contact with anyone at Empire*, and never authorized to set up loans in my name. (emphasis supplied).

In further support of material facts in dispute, defendant refers to its answers to deposition questions posed by plaintiff.

**Question 81.** As of September 2005 and in relation to the Prescott matter, did Empire Financial Services, Inc act as a broker of the mortgage loans that are referenced in the amended complaint in this action.

Answer: This transaction was not dome with the knowledge of Empire. Empire's name is on the documents but it was not an authorized transaction.

**Question 22**. Was Brian Nelson an employee of Empire Financial Services, Inc. at the aforementioned address on September 1, 2005?

**Answer:** No

Question 27. Does Empire Financial Services, Inc have a personnel file with respect to one Brian Nelson?

**Answer**: No.

### ARGUMENT

Summary Judgment is only appropriate when there are no material facts in issue and it is clear that the moving party is entitled to judgment as a matter of law. *Blodgett v. University Club,* 930 A.2d 210,217 (D.C. 2007).

"Respondeat superior is a doctrine of vicarious liability and allows the employer to be held liable for the acts of his employees committed within the scope of his employment." *Penn Cent. Transp. Co v. Reddick*, 398 A.2d 27,29 (D.C. 1979). "[t}he employer will not be held liable for willful acts, intended by the agent only to further his own interest, not done for the employer at all." See *Hechinger Co. v. Johnson*, 761 A.2d 15, 24 (D.C. 2000). The issue of whether an employee was acting within the scope of its employment is for a jury to decide. See *Schecter v. Merchants Home Delivery, Inc.*, 892. A2d 415 (D.C. 2006).

Herein, critical issues for resolution are whether Brian Nelson was ever an employee of Empire Financial Services, Inc, and whether the actions of Nicholas McLeod were within the scope of his employment with Empire. Absent establishing these essential facts, plaintiff can not make out its cause of action against Empire. Empire vigorously contests that McLeod was acting within the scope of his employment during his interaction with plaintiff and vigorously contests that Brian Nelson was ever its employee.

Because there are material issues in dispute, defendant prays this Honorable Court deny plaintiff's Motion for Partial Summary Judgment.

Respectfully submitted,

_____/s/_____
Steven R. Kiersh 3323329
5335c Wisconsin Avenue, N.W., Suite 440
Washington, D.C. 20015
(202) 347-0200

**Certificate of Service**

I hereby certify that a true and accurate copy of the foregoing was served upon all counsel of record, VIA CASEFILEXPRESS, on this the 7th day of July, 2008.

_____/s/_____
Steven R. Kiersh

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DVISION

**Stephan Prescott,**
        Plainitff

    v.

**Empire Financial Services, Inc., et al.**
        **Defendants**

## ORDER

Upon consideration of plaintiff's Motion for Partial Summary Judgment, Count XIV, and the opposition thereto, the Court finding that there are material issues of fact in dispute, it is by this Court on this the ___ day of _____, 2008

    ORDERED, that the Motion is denied.

_____
Honorable Brian F. Holeman
Associate Judge