UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

V.                                           Criminal No. 06-102 (JDB)

ANDERSON STRAKER

REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT STRAKER'S
SECOND MOTION TO COMPEL DISCOVERY

Defendant, Anderson Straker, by and through undersigned counsel, Steven R. Kiersh., in reply to the Government's Opposition to Defendant's Second Motion to Compel Discovery, does hereby set forth as follows:

1. Defendant's Second Motion to Compel discovery seeks information in support of his legal argument that a joint venture existed between the United States and the Republic of Trinidad/Tobago concerning the kidnapping of Balram Maharaj. The information is sought in support of defendant's Motion to Suppress Statements that is pending before this Court.

2. Defendant's Motion to Suppress Statements initially relates to statements made in Trinidad on January 6, 2006 and January 7, 2006 and argues that those statements were the product of a joint venture between the United States and the Republic of Trinidad/Tobago. Defendant has alleged that those statements, made while he was in the custody of Trinidadian officials, were obtained without warnings as required by *Miranda v. Arizona, 384 U.S. 1.* A Lack of warnings, in the context of a joint venture, can lead to suppression of the statements. See *United States v. Bin Laden*, 132 F.Supp.2d 168, 187 ( (S.D.N.Y.). Defendant has taken the position that the burden is on the United States to prove that a

1

joint venture did not exist. In order to refute the government's position, and to make his argument establishing the existence of a joint venture, defendant requested all communications between the United States and Trinidad/Tobago related to the investigation of the kidnapping of Mr. Maharaj. This was precisely the same request that Judge Huvelle required the United States to comply with in *United States v. Karake*, 281 F.Supp.302,309 (D.D.C. 2003).

     3. In his Motion to Suppress Statements, defendant is also seeking to suppress his statement purportedly made to the F.B.I. on July 29, 2007. The joint venture analysis is not triggered by the circumstances surrounding that statement. Suppression of that statement is sought on other independent grounds.

     4. In its Opposition to Motion to Compel Discovery, the United States does not address the statements of January 6, 2006 and January 7, 2006. However, those statements are potentially incriminating and they fit within the joint venture analysis. They were provided to Trinidadian officials, who defendant believes were functioning within a joint venture with the United States in the investigation of the kidnapping of Balram Maharaj. Accordingly, for the reasons set forth in his Motion to Compel Discovery (Pacer Document 207), defendant submits that he is entitled to receive and review all communications between the Republic of Trinidad/Tobago and the United States concerning the investigation of the kidnapping of Balram Maharaj in order to address the legal issue of whether a joint venture existed between the two sovereign nations.

                          Respectfully submitted,

                          \_\_\_\_\_/s/_____
                          Steven R. Kiersh #323329
                          5335 Wisconsin Avenue, N.W.,, Suite 440
                          Washington, D.C 20015
                          (202) 347-0200

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a true and accurate copy of the foregoing was served .via PACER, upon Bruce Hegyi, Esquire and Jeanne Hauch, Esquire, Assistant U.S. Attorneys and all other counsel of record on this the 10th day of July, 2008

_____/s/_____
Steven R. Kiersh