UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.                                              Criminal No.: 06-102 (JDB)

ANDERSON STRAKER

**REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT STRAKER'S
MOTION FOR ISSUANCE OF LETTERS ROGATORY**

Defendant, Anderson Straker, by and through undersigned counsel, Steven R. Kiersh, in response to the government's response to his request for issuance of Letters Rogatory does hereby set forth as follows:

**I. TIMING**

Defendant asks the Court to reject the notion that that the "information should be delivered in the first instance to the Court, rather than to defendant's counsel so that it will be available in the United States for disclosure to defendant's counsel at the time such information would ordinarily became available in a purely domestic prosecution." (Government reply, Pacer document 214, page 1).

The government's position makes no sense. To begin with, if this was a "purely domestic prosecution", defendant would have had this information months ago. Of greater significance is that this case is anything but a "purely domestic prosecution." That is the point of asking this Court for assistance in obtaining information that the defendant plainly and simply can not obtain. Finally, there is no logic in delaying the transfer of information that is necessary for the preparation of a defense to the charges

pending before the Court. Defendant has informed the Court of the immense problems he has encountered investigating this case in Trinidad/Tobago. The lack of Trinidadian governmental assistance in accessing information in Trinidad has imposed profound restrictions upon defendant's ability to investigate the charges against him and to prepare for trial. Delaying transfer of essential information, as suggested by the United States, will only serve to further impede defendant's right to due process of law.

## II. RIGHT TO INVESTIGATE

The Supreme Court has long recognized that a defendant has a constitutional right to effectively investigate the charges against him. In *Powell v. United States*, the Court ruled that an accused is entitled to the effective assistance of counsel "during the perhaps the most critical period of the proceedings… from the time of … arraignment until the beginning of… trial, when consultation, thorough on going investigation and preparation are vitally important." 287 U.S. 45, 57 (1932).

Defendant can only conduct a thorough investigation of the charges against him through issuance of each of requested Letters Rogatory .

## III. REQUESTS FOR FRUITS OF TRINIDADIAN INVESTIGATION

The government opposes request (A) on grounds that it is "[B]eyond the scope of Rule 16 and it implicates potentially privileged/confidential information and materials in Trinidad & Tobago." The government does not explain how this information is privileged or confidential. It is clear that there was some level of cooperation between the United States and Trinidad/Tobago in the investigation of the kidnapping of Mr. Maharaj. Defendant submits that the level of cooperation was extensive. Both sovereigns interviewed witnesses, went to the crime scene together to recover the remains of Mr. Maharaj, conducted a joint autopsy, and certainly communicated with each other throughout the course of the investigation. For the United States to now suggest that that fruits of the Trinidadian investigation

are somehow privileged and/or confidential is entirely at odds with defendant's right to mount a defense to the charges against him in a United States District Court.

Records of a domestic investigation would be readily available to an accused in the District of Columbia. A defendant will have immediate access to a PD 251, can obtain affidavits in support of arrest warrants from the court jacket, can readily acquire the criminal history of every witness through the Superior Court and United States District Court file rooms, and can make repeated attempts to locate and interview witnesses.

Defendant is simply seeking that which he could have obtained had this been a domestic investigation. Defendant submits that it would highly prejudicial and unfair for the United States to actively participate with the Republic of Trinidad/Tobago in the investigation of the crimes charged in the indictment and to then resist attempts to discover the fruits of the Trinidadian investigation on amorphous grounds of privilege/confidentiality.

## IV. INFORMATION RELATED TO DAVID SUCHIT

Defense requests (N) through (Q) and (T) relate to David Suchit. Defendant does not know if the United States plans to call Mr. Suchit at trial. However, in order to effectively prepare for trial, defendant has to assume that Mr. Suchit will be called as a witness. As to each of the Suchit requests, the United States has objected on grounds that the requests are beyond the scope of Rule 16, and as to (N), (P) and (Q), the request "implicate potentially privileged/confidential information and materials in TT."

Mr. Suchit is an integral part of the charges against Anderson Straker. Suchit has made extraordinarily incriminating statements to investigating officials about defendant. Accordingly, Suchit's credibility has to be directly confronted and challenged by defendant. Part of the challenge will be that Suchit has been, by his own admission, motivated by financial reward. It is for that reason that requests (O) through (Q) are highly relevant. Defendant seeks the information in those requests in order to test

3

Suchit's credibility in relation to those other matters. The issue of whether Suchit is a "professional" witness who seeks reward money for crimes committed in Trinidad/Tobago goes directly to his credibility and bias against defendant.

The Confrontation Clause of the Sixth Amendment guarantees the right of an accused in a criminal prosecution to be confronted with the witnesses against him U.S. Const. Amendment VI. It is well settled that "[c]onfrontation means more than being allowed to confront the witness physically." *Davis v. Alaska*, 415 U.S. 308,315 (1974). "Indeed, the main and essential purpose of confrontation is to secure for the opponent the opportunity of cross-examination: *Delaware v. Van Arsdall*, 475 U.S. 673,678 (1986).

In *Davis,* the Court ruled that a criminal defendant must be allowed to impeach the credibility of a prosecution witness by cross-examination directed at possible bias deriving from the witness' probationary status as a juvenile delinquent, even though such cross-examination would conflict with the state's asserted interest in preserving the confidentiality of juvenile adjudications of delinquency. The Court ultimately concluded that, although it could not speculate whether the jury would have accepted defense counsel's argument that the prosecution witness was possibly biased, "the jurors were entitled to have the benefit of the defense theory before them so that they can make an informed judgment as to the weight to place on [the witness'] testimony which provided a crucial link in the proof of … petitioner's act." Davis, 415 U.S. at 317, quoting *Douglas v. Alabama*, 380 U.S. 415, 419 (1965).

David Suchit is indeed a crucial link in the government's proof against Anderson Straker. By his own admission, he was seeking reward money in return for information against defendant Straker. It is clear that he has a history of being a witness in prosecutions in Trinidad/Tobago. That history must be explored and investigated by defendant in order to establish the bias of Suchit. As in *Davis*, the claim of confidentiality offered by the United States as a basis for resisting disclosure must fail. Defendant's right of full confrontation is certainly superior to the claim of confidentiality.

The records of Suchit's prior kidnapping charges, had this been a domestic case, would have been among the first records that defendant would have retrieved. A search for similarities between the kidnappings, the disposition of the case, statements that may have been made by Suchit and all aspects of the prior kidnapping would have been reviewed as that search may very well have generated significant areas of cross-examination. The issuance of a letter rogatory for the police records and court records, as requested in section (N), is the only means that defendant has to acquire this information. This need far outweighs the claim of privilege/confidentiality.

Information pertaining to Suchit's participation in the Witness Program is clearly relevant. This is information that would be provided in a domestic case. His credibility is in issue. Thus, any records or statements that may identify funds or other consideration he may have received, or may address perceptions about his credibility are relevant for purposes of cross-examination.

WHEREFORE, for the reasons stated herein, and for those set forth in defendant's Motion for Issuance of Letters Rogatory, defendant prays this Honorable Court grant each of the requests submitted on behalf of all of the defendants.

    Respectfully submitted,

    __/s/_____
    Steven R. Kiersh #323329
    5335 Wisconsin Avenue, N.W., Suite 440
    Washington, D.C. 20015
    (202) 347-0200

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and accurate copy of the foregoing was served, via PACER, upon Bruce Hegyi, Esquire and Jeanne Hauch, Esquire, Assistant U.S. Attorneys, on this the 13th day of July, 2008.

    ____/s/_____
    Steven R. Kiersh