UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA**

                V.                Criminal No. 06-102 (JDB)

**ANDERSON STRAKER**

**REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT STRAKER'S
SECOND MOTION TO COMPEL DISCOVERY [1]**

Defendant, Anderson Straker, by and through undersigned counsel, Steven R. Kiersh., in reply to the Government's Opposition to Defendant's Second Motion to Compel Discovery, does hereby set forth as follows:

1. Defendant's Motion to Compel discovery seeks information in support of his legal argument that a joint venture existed between the United States and the Republic of Trinidad/Tobago concerning the kidnapping of Balram Maharaj. The information is sought of defendant's Motion to Suppress Statements that is pending before this Court.

2. Defendant's Motion to Suppress Statements relates to statements made in Trinidad on January 6, 2006 and January 7, 2006 and argues that those statements were the product of a joint venture between the United States and the Republic of Trinidad/Tobago. Defendant has alleged that those statements, made while he was in the custody of Trinidadian officials, were obtained without warnings as required by *Miranda v. Arizona, 384 U.S. 1.* A Lack of warnings, in the context of a joint venture, can lead to suppression of the statements. *See United States v. Bin Laden*, 132 F.Supp.2d168,

---

[1] This pleading was originally filed as PACER Document 226. An error was made in filing the document and what actually was filed was a pleading in an entirely separate matter. This pleading is now being filed in its correct form.

1

187 ( (S.D.N.Y.). Defendant has taken the position that the burden is on the United States to prove that a joint venture did not exist. In order to refute the government's position, and to make his argument establishing the existence of a joint venture, defendant requested all communications between the United States and Trinidad/Tobago related to the investigation of the kidnapping of Mr. Maharaj. This was precisely the same request that Judge Huvelle required the United States to comply with in *United States v. Karake*, 281 F.Supp.302,309 (D.D.C. 2003).

      3. In his Motion to Suppress Statements, defendant is also seeking to suppress his statement purportedly made to the F.B.I. on July 29, 2007. The joint venture analysis is not triggered by the circumstances surrounding by that statement. Suppression of that statement is sought on other independent grounds.

      4. In its Opposition to Motion to Compel Discovery, the United States does not address the statements of January 6, 2006 and January 7, 2006. However, those statements are potentially incriminating and they fit within the joint venture analysis. They were provided to Trinidadian officials who defendant believes were functioning within a joint venture with the United States in the investigation of the kidnapping of Balram Maharaj. Accordingly, for the reasons set forth in his Motion to Compel Discovery (Pacer Document 207), defendant submits that he is entitled to receive and review all communications between the Republic of Trinidad/Tobago and the United States concerning the investigation of the kidnapping of Balram Maharaj.

      Respectfully submitted,

_____/s/_____
Steven R. Kiersh #323329
5335 Wisconsin Avenue, N.W., Suite 440
Washington, D.C 20015
(202) 347-0200

## CERTIFICATE OF SERVICE

    I hereby certify that a true and accurate copy of the foregoing was served, VIA PACER, on this the 18th day of July, 2008 upon Bruce Hegyi, Esquire and Jeanne Hauch, Esquire, Assistant U.S. Attorneys and all other counsel of record.

                                                _____/s/_____
                                                  Steven R. Kiersh