UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ANDERSON STRAKER,<br>WAYNE PIERRE,<br>CHRISTOPHER SEALEY,<br>KEVIN NIXON,<br><br>Defendants. | Criminal No. 06-102 (JDB)<br><br>**FILED**<br>JUL 2 8 2008<br>NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT |

## ORDER

Defendants Straker, Pierre, Nixon, and Sealey have submitted motions for issuance of an international letter rogatory to the appropriate judicial authorities in the Republic of Trinidad and Tobago. The government supports, in principle, the issuance of the proposed letter rogatory, but contends that such a letter should not be used to obtain evidence beyond the scope of Fed. R. Crim. P. 16, which sets forth the United States' disclosure obligations for information in its possession. The government also requests some modification of certain enumerated items based on relevance. Finally, the government contends that defendants should not be permitted to request "potentially privileged/confidential information," but does not identify which privileges might be at issue. Defendants respond that Rule 16 should not provide a basis for limiting the letter rogatory because, in a domestic prosecution, defendants would have other means of obtaining the information sought and would not have to rely primarily on the government's disclosures. Defendants also contend that it is up to Trinidad to raise -- or waive -- privilege and confidentiality issues, and that, if raised, less restrictive means (such as protective orders) may be

adopted to address those concerns. Lastly, defendants object to any process that requires delivery of the documents to the Court in the first instance, rather than directly to defendants' counsel.

The Court has had occasion to address the issuance of a letter rogatory for the first defendant extradited in this case -- David Suchit -- and observed at that time that "the [proposed] letter rogatory seeks production of things which may necessitate subsequent litigation before they are produced [to defendant]." See Order at 1 (filed April 2, 2007). The Court thus concluded that it would retain custody of any documents produced to resolve those issues -- a process that contemplated the creation of a detailed log of documents by the Court (or its designee) to enable subsequent litigation to occur.[1] Id. Those same determinations apply here. The Court will include in the letter rogatory to Trinidad all requests seeking information and/or evidence relevant to the issues to be raised at trial, even though the requests may go beyond the United States' disclosure obligations under Rule 16 and may potentially result in the production of privileged/confidential information. Some modifications to the letter rogatory have been made to ensure only relevant documents are requested.[2] However, considering the uncertainties over the propriety of disclosure of the documents ultimately returned, the Court will direct that the documents be delivered to the Court in the first instance, and will reserve decision on the procedure for handling disclosure of any documents that are returned. Furthermore, the Court will designate counsel for defendant Straker, Steven Kiersh, to be responsible for proper delivery

---

[1] In the end, the Court did not receive any documents from Trinidad prior to Suchit's trial, and the letters rogatory were withdrawn after the trial concluded. See Order (filed June 28, 2007).

[2] For example, the Court has excluded requests for documents concerning Gerald Gopaul because the Gopaul hostage taking will not be admitted as evidence in this case, as explained in the memorandum opinion and order issued on this date.

of the letter rogatory to the U.S. Department of State, as set forth below.

Accordingly, it is hereby

**ORDERED** that the motions are **GRANTED**, and that two originals of the international letter rogatory (attached) are hereby issued; it is further

**ORDERED** that counsel for defendant Straker shall cause one original of the letter rogatory to be tendered to the appropriate diplomatic channels in the U.S. Department of State for transmittal to judicial authorities in the Republic of Trinidad and Tobago; it is further

**ORDERED** that the documents returned to the Court by the Republic of Trinidad and Tobago pursuant to the letter rogatory shall be held in the exclusive custody of the Court pending further Order of the Court; and it is further

**ORDERED** that counsel are authorized to submit requests for reimbursement of reasonable fees and costs associated with execution of the letter rogatory.

_____
JOHN D. BATES
United States District Judge

Date: July 28, 2008