UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA**

v.                                                    Criminal No. 06-102 (JDB)

**ANDERSON STRAKER, et al.**

### NOTICE OF SERVICE OF LETTER ROGATORY AND STATUS REPORT CONCERNING REQUEST

Undersigned counsel does hereby set forth as follows:

1. On July 28, 2008 this Court issued an Order granting defendants request for issuance of an international letter rogatory.  As part of the Order, undersigned counsel was directed to cause one original of the letter rogatory to be tendered to the appropriate diplomatic channels in the United States Department of State for transmittal to judicial authorities in the Republic of Trinidad and Tobago.

2. Undersigned counsel first contacted Michelle Bernier-Toth, Acting Managing Director of Overseas Citizens of the Bureau of Consular Affairs in the United States Department of State for service of the international letter rogatory. Ms. Bernier-Toth directed counsel to Carolee Walker in the United States Department of State for actual service of the letter rogatory.

3. Undersigned spoke directly with Carolee Walker and arranged to meet with her on July 31, 2008 at the United States Department of State. On July 31, 2008, undersigned counsel personally handed the international letter rogatory to Ms. Carolee Walker.

4. Counsel expressed concern to Ms. Walker that the Court did not receive any documents from Trinidad when an international letter rogatory was issued in the matter of *United States v. Davds Suchit.*

Counsel suggested to Ms. Walker that there be some procedure established to monitor compliance with the letter rogatory.[1]

5. On July 31, 2008, Ms. Walker sent undersigned counsel an e-mail in response to his concern about Trinidadian compliance with the international letter rogatory. Ms. Walker suggested that if a fee of $725.00 was provided, "the letter rogatory would then be accompanied by a Diplomatic Note; this way we would be able to follow up and track the status of the Request. The fee must be a certified check payable to U.S. Embassy Port of Spain…"

6. Undersigned counsel believes that the $725.00 fee is a reasonable fee to incur. The suggestion for incurring the cost comes from a United States Department of State employee. Further, the information requested in the international letter rogatory is material to defenses that may be raised on behalf of all defendants. Accordingly, any assistance in obtaining this information will benefit the due process rights of the defendants.

7. Unless there is objection by the Court or counsel, undersigned counsel will provide the $725.00 fee to the U.S. Embassy Port of Spain and later seek reimbursement pursuant to the Criminal Justice Act.

                                        Respectfully submitted,

                                        _____/s/_____
                                        Steven R. Kiersh #323329
                                        5335 Wisconsin Avenue, N.W., Suite 440
                                        Washington, D.C. 20015
                                        (202) 347-0200

---

[1] Undersigned counsel's concern over timely production of the requested documents is also a product of counsel's very frustrating attempts to acquire information while in Trinidad/Tobago. Counsel reiterates what he previously expressed to the Court at status hearing in July, 2008. There is chaos within the Trinidadian court system in terms of files. The file system is not computerized and no one seems to know where old files are maintained. Undersigned counsel encountered the same problem in police stations in Port-of-Spain, Arouca and Arima. There simply was no way to access files, many of which are subjects of the international letter rogatory in issue.

**CERTIFICATE OF SERIVCE**

    I hereby certify that a true and accurate copy of the foregoing was served , via PACER, upon all counsel of record on this the 31st day of July, 2008.

                                                       _____/s/_____
                                                       Steven R. Kiersh