UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA**

V.                                  **Criminal No. 06-102 (JDB)**

**ANDERSON STRAKER**

### MOTION TO SUPPRESS PHOTOGRAPHIC IDENTIFICATIONS

Defendant, Anderson Straker, by and through undersigned counsel, Steven R. Kiersh, does hereby move to suppress any identification made of him through the use of photographic arrays. In support thereof defendant sets forth as follows:

1. On August 8, 2008, the United States filed its Response to Motion for Discovery and Notice of Rule 12(b)(4)(B) Evidence (PACER Document 256). Contained therein, in footnote 1 on page 2, the government informed defendant for the first time that he was identified by two witnesses who viewed two photographic arrays that were shown on August 11, 2006, September 13, 2006 and in the grand jury on June 18, 2007. The United States further represented that it will provide copies of the arrays as soon as practicable.

2. In *Stovall v. Denno*, the Supreme Court recognized that the Due Process Clause of the Fifth Amendment guarantees a defendant's right to exclude identification testimony that results from unnecessarily suggestive procedures conducive to mistaken identification. 388 U.S. 293, 302 (1967). Proceeding from this premise, courts have developed a two-pronged test to determine the admissibility of identification testimony. To succeed on an identification suppression motion, a defendant must first prove that the identification procedure was impermissibly suggestive. *Neil v. Biggers*, 409 U.S. 188, 198-99) (1972). If the identification was impermissibly suggestive, the court then considers whether the testimony was nonetheless reliable based upon: (1) the witness' opportunity to view the defendant at

the time of the crime; (2) the witness's degree of attention at the time of the crime; (3) the accuracy of the witness's description of the defendant prior to the identification; (4) the witness's level of certainty when identifying the defendant; and (5) the length of time elapsed between the crime and the confrontation". *Biggers,* 409 U.S. at 199-200.

3. Defendant can complete his argument concerning suggestivity when the United States produces the photographic arrays in issue.

4. Defendant reserves his right to request a hearing to assess the suggestivity of the photographic arrays.

WHEREFORE, the foregoing considered, and for those reasons that may be addressed at a hearing on this Motion, Defendant prays this Honorable Court suppress as evidence against him any identifications that were made from the subject photographic arrays.

Respectfully submitted,

_____/s/_____
Steven R. Kiersh #323329
5335 Wisconsin Avenue, N.W., Suite 440
Washington, D.C. 20015
(202) 347-0200

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and accurate copy of the foregoing was served, via PACER, upon Jeanne Hauch, Esquire and Bruce Hegyi Esquire, Assistant U.S. Attorneys and all other counsel of record on this the 24th day of August, 2008

_____/s/_____
Steven R. Kiersh