UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.                                                    Criminal No. 06-102

ANDERSON STRAKER

**REPLY TO GOVERNMENT'S OPPOSITION TO MOTION TO DISMISS INDICTMENT
ON EQUAL PROTECTION GROUNDS**

Defendant, by and through undersigned counsel, in reply to the Government's Opposition to his Motion to Dismiss Indictment based upon a violation of equal protection, does hereby set forth as follows:

Defendant maintains that the Hostage Taking Act, as analyzed by other courts of the United States, was enacted to combat international terrorism and was not created by Congress to prosecute foreign nationals who committed a purely local crime in an area outside the boundaries of the United States.

> The Hostage Taking Act, ratified by the Senate and signed by President Reagan in 1984, was enacted to implement the International Convention Against the Taking of Hostages, U.N. GAOR, Supp. No. 39, at 23 U.N. Doc. A/34/39 (1979) [hereinafter Hostage Taking Convention], to which the United States became a signatory in 1979. In the wake of a record number of terrorist attacks on American soil, President Reagan introduced a legislative package that included the bill which would become the Hostage Taking Act, intending to send a message to friend and foe alike that the United States will not tolerate terrorist activity against its citizens within its borders.

*United States v. Lopez-Flores*, 63 F.3d 1468, 1470 (9th Cir. 1995).

The United States is of the view that "The plain language of the statute clearly and unambiguously indicates that the Act is meant to apply to all instances of hostage taking meeting the statutory criteria and not just to cases of international terrorism." [Government's Opposition page 7

PACER Document 242].

      While not in any manner agreeing with the government's statutory interpretation, defendant submits that if there is ambiguity concerning the language and intent of the Hostage Taking Act, the Rule of Lenity mandates that construction of the statute be in the favor of defendant. The Rule of Lenity applies when Congressional intent is not clear. "When choice has to be made between two readings of what Congress has made a crime, it is not inappropriate, before we choose the harsher alternative, to require that Congress should have spoken in language that is clear and definite. We should not derive criminal outlawry from some ambiguous application." *United States v. Universal C.T.T. CreditCorp.*, 344 U.S. 218, 221-22 (1952). "The policy of lenity means that the Court will not interpret a Federal criminal statute so as to increase the penalty that it places on an individual when such an interpretation can be based on no more than a guess as to what Congress intended." *Whalen v. United States*, 445 U.S. 684,695 n. 10 (1980). "[w]here there is ambiguity in a criminal statute, doubts should be resolved in favor of lenity." *United States v. Bass*, 404 U.S. 336, 347 (1971).

      The intent of Congress to prosecute a crime such as the one herein is far from clear. Accordingly, for the reasons stated herein, and for those set forth in defendant's initial Motion to Dismiss Indictment, defendant seeks dismissal of the charges against him.

      Respectfully submitted,

      _____/s/_____
      Steven R. Kiersh #323329
      5335 Wisconsin Avenue, N.W., Suite 440
      Washington, D.C. 20015
      (202) 347-0200

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a true and accurate copy of the foregoing was served upon Bruce Hegyi, Esquire and Jeanne Hauch, Esquire, Assistant U.S. Attorneys and all other counsel of record, via PACER, on this the 25th day of August, 2008.

_____/s/_____
Steven R. Kiersh